# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1082V**

HANIYYAH SIDDIQUE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 31, 2026

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On July 16, 2024, Haniyyah Siddique filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a tetanus vaccination she received on May 10, 2023. Petition, ECF No. 1. On April 23, 2025, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 20. On May 29, 2026, I issued a decision awarding

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation to Petitioner following briefing and expedited Motions Day argument by the parties. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $60,526.69 (representing $59,562.10 in fees plus $964.59 in costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed June 30, 2026, ECF No. 40. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 40 at 3.

Respondent reacted to the motion on July 1, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 41. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Regarding the time billed, I note this case required additional briefing regarding damages. *See* Motion for Ruling on the Record and Brief Regarding Damages, filed June 25, 2025, ECF No. 27; Petitioner's Reply to Respondents' Response, filed Aug. 13, 2025, ECF No. 29. Petitioners' counsel expended approximately 11.9 hours drafting the damages brief and 9.3 hours drafting the responsive brief for a combined total of 21.2 hours. ECF No. 40-2 at 4-5. I find this amount of time to be reasonable and will award the attorney's fees requested.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 40-4 at 2-7. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $60,526.69 (representing $59,562.10 in fees plus $964.59 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master